# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X
NANCY NEASE and CHRISTOPHER NEASE,

                            Plaintiffs,

  -against-

WHOLE FOODS MARKET GROUP, INC.,

                            Defendant.
------------------------------------------------------------------X

Index No.:
Date of Filing:

**SUMMONS**

Plaintiffs designate Suffolk
County as the place of trial.

The basis of the venue is
CPLR § 503.

To the above named Defendant:

    YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if the summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:    Jericho, New York
           October 12, 2020

                                              _____
                                              JOHN G. PAPADOPOULOS
                                              FRIEDMAN & SIMON, L.L.P.
                                              Attorneys for Plaintiffs
                                              390 North Broadway, Suite 210
                                              Jericho, New York 11753
                                              (516) 800-8000

**Defendant's Address:**
WHOLE FOODS MARKET GROUP, INC.
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------------X	Index No.:
NANCY NEASE and CHRISTOPHER NEASE,

                      Plaintiffs,	**VERIFIED COMPLAINT**

    -against-

WHOLE FOODS MARKET GROUP, INC.,

                      Defendant.
------------------------------------------------------------------X

    Plaintiffs, by their attorneys, Friedman & Simon, L.L.P., complaining of the Defendant herein alleges upon information and belief as follows:

    FIRST: That at all times hereinafter mentioned Plaintiffs, NANCY NEASE and CHRISTOPHER NEASE, were and still are residents of the County of Suffolk, State of New York.

    SECOND: Upon information and belief, that at all times hereinafter mentioned Defendant, WHOLE FOODS MARKET GROUP, INC., was and is a foreign business corporation, organized and existing under and by virtue of the laws of the State of New York.

    THIRD: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and employees owned the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

    FOURTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and employees leased the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

    FIFTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and employees controlled the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

    SIXTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET

GROUP, INC., its agents, servants and employees maintained the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

SEVENTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., it agents, servants and employees managed the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

EIGHTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and employees operated the premises known as and by 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

NINTH: That at all times herein mentioned the Defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants and employees operated a grocery store which conducted business under the name 'Whole Foods' at 120 New Moriches Road, Lake Grove in the County of Suffolk, State of New York.

TENTH: That the Defendant, its agents, servants and/or employees had a duty to properly maintain said premises and to keep said premises in a reasonably safe condition.

ELEVENTH: That the Defendant, its agents, servants and/or employees breached its duty to properly maintain said premises and to keep said premises in a reasonably safe condition.

TWELFTH: That on May 12, 2019, Plaintiff, NANCY NEASE, was lawfully upon said premises.

THIRTEENTH: That on May 12, 2019, while lawfully upon said premises, the Plaintiff, NANCY NEASE, was caused to slip and fall and sustain serious and severe personal injuries as a result of the negligence of the Defendant, its agents, servants, and/or employees.

FOURTEENTH: That the Defendant, its agents, servants and/or employees was careless, reckless, and negligent in the ownership, operation, construction, management, maintenance and

control of said premises in causing, allowing and permitting a dangerous, defective, trap-like, unsafe and/or hazardous condition to exist.

FIFTEENTH: That the Defendant had both actual and constructive notice of the dangerous, defective, unsafe and hazardous condition(s).

SIXTEENTH: That the Defendant created the dangerous, defective, unsafe and/or hazardous condition(s).

SEVENTEENTH: That the Defendant, its agents, servants, and/or employees, failed or neglected to cause such defect to be remedied within a reasonable time after receiving notice of the defect and/or after creating the condition, and/or failed to make the place otherwise reasonably safe within a reasonable time.

EIGHTEENTH: That the Plaintiff, NANCY NEASE, was injured as a result of the negligence and failure of the Defendant, its agents, servants, and/or employees, to cause such defect to be remedied or to otherwise make the place reasonably safe within a reasonable time after receiving notice of the defect and/or creating the condition.

NINETEENTH: That the foregoing occurrence was caused solely and wholly as a result of the negligence of the Defendant, its agents, servants, and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

TWENTIETH: That as a result of the foregoing, Plaintiff, NANCY NEASE, sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame, and disabled; Plaintiff, NANCY NEASE, was caused to suffer great pain, discomfort, and disability and, upon information and belief, will continue to suffer pain, discomfort, and disability in the future; Plaintiff, NANCY NEASE, was caused to undergo hospital and medical care, aid and attention, and upon information and belief, may continue to require to undergo medical care, aid and attention for a long

period of time to come in the future; Plaintiff, NANCY NEASE, was obliged to expend and incur large sums of monies for medical care, aid and attention and, upon information and belief, will continue to be obliged to expend and incur large sums of monies for future medical care, aid and attention; Plaintiff, NANCY NEASE, was caused to become incapacitated from her usual vocation and avocation, and upon information and belief, may continue to be caused to remain away from her usual vocation and avocation for a long period of time to come in the future.

TWENTY-FIRST: That as a result of the foregoing Plaintiffs have been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

### AS AND FOR A CAUSE OF ACTION ON BEHALF OF CHRISTOPHER NEASE

TWENTY-SECOND: Plaintiffs repeat, reiterate, and reallege, each and every paragraph of the complaint numbered "FIRST" through "TWENTY-FIRST" with the same force and effect as if fully set forth at length herein.

TWENTY-THIRD: That at all times herein mentioned, Plaintiff CHRISTOPHER NEASE, was and still is the husband of Plaintiff NANCY NEASE and was entitled to and did receive the services and society of his said wife.

TWENTY-FOURTH: That by reason of the aforesaid Plaintiff, CHRISTOPHER NEASE, has been deprived of the support, services, love, companionship, affection and society of his said wife and has been compelled to expend money and incur obligations for physicians services, medical expenses, hospital expenses and for the care and treatment for the injuries sustained by Plaintiff, NANCY NEASE.

TWENTY-FIFTH: That the foregoing occurrence was caused solely and wholly as a result of the negligence of the Defendant without any negligence on the part of the Plaintiffs contributing thereto.

TWENTY-SIXTH: That as a result of the foregoing Plaintiffs have been damaged in an amount that exceeds the jurisdictional limits of all lower courts.

WHEREFORE, Plaintiffs demand judgment against the Defendant in an amount that exceeds the jurisdictional limits of all lower courts, together with the costs and disbursements of this action.

Dated: Jericho, New York
October 12, 2020

_____
JOHN G. PAPADOPOULOS
FRIEDMAN & SIMON, L.L.P.
Attorneys for Plaintiffs
390 North Broadway, Suite 210
Jericho, New York 11753
(516) 800-8000

## ATTORNEY VERIFICATION

**JOHN G. PAPADOPOULOS**, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am associated with the law firm of **FRIEDMAN & SIMON, L.L.P.**, attorneys of record for the Plaintiffs. I have read the annexed **Summons & Verified Complaint** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

I make the foregoing affirmation because Plaintiffs are not presently in the county wherein I maintain my offices.

DATED:   Jericho, New York
            October 12, 2020

_____
JOHN G. PAPADOPOULOS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------------X
NANCY NEASE and CHRISTOPHER NEASE,

                        Plaintiffs,                Index No.:

        -against-

WHOLE FOODS MARKET GROUP, INC.,

                        Defendants.
-------------------------------------------------------------------------X

### NOTICE OF COMMENCEMENT OF ACTION
### SUBJECT TO MANDATORY ELECTRONIC FILING

     PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by subdivision (b) (3) of that Section.

     The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, Court documents and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

     Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb(e) consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-383-3033 or efile@courts.state.ny.us.

Date:  Jericho, New York
        October 12, 2020

                                                  JOHN G. PAPADOPOULOS
                                                  FRIEDMAN & SIMON, L.L.P.
                                                  Attorneys for Plaintiff
                                                  390 North Broadway, Suite 210
                                                  Jericho, New York 11753
                                                  (516) 800-8000

**Defendants' Addresses:**
WHOLE FOODS MARKET GROUP, INC.
c/o CT CORPORATION SYSTEM
28 Liberty Street
New York, New York 10005

## FRIEDMAN & SIMON, L.L.P.

Index No.:
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

NANCY NEASE and CHRISTOPHER NEASE,

Plaintiffs,

-against-

WHOLE FOODS MARKET GROUP, INC.,

Defendant.

### SUMMONS & VERIFIED COMPLAINT

FRIEDMAN & SIMON, L.L.P.
*Attorneys for Plaintiffs*
390 NORTH BROADWAY, STE. 210
JERICHO, NEW YORK 11753
(516) 932-0400

To:                                                    Signature (Rule 130-1.1-a)

..................................................
Attorney(s) for                                        Print name beneath

Service of a copy of the within                        is hereby admitted.
Dated:
..................................................
Attorney(s) for

**PLEASE TAKE NOTICE**
☐ **NOTICE OF ENTRY**
   that the within is a (certified) true copy of a
duly entered in the office of the Clerk of the within named Court on

☐ **NOTICE OF SETTLEMENT**
   that an Order                    of which the within is a true copy will be presented for
settlement to the Hon.        ,          one of the judges of the within named Court,
on                            at              M

Dated,                                Yours, etc.
                                      FRIEDMAN & SIMON, L.L.P.
                                      *Attorneys for*

To                                    390 North Broadway, Suite 210
Attorney(s) for                       Jericho, New York 11753